UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| EDGAR L. MUSE, et al. | ) |
| | ) |
| Plaintiffs, | ) 3:17-CV-00448-DCLC |
| | ) |
| vs. | ) |
| | ) |
| BILL GIBBONS, et al. | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Defendants Bill Gibbons, Deborah Martin, Joyce Grimes Safley, and Nina Harris (collectively "State Defendants") filed a Motion to Dismiss [Doc. 96] and supporting memorandum [Doc. 97]. Defendants James Skeans and Campbell County, Tennessee (collectively "County Defendants") filed a Motion to Dismiss [Doc. 107] and supporting memorandum [Doc. 108]. Edgar Muse, Linda Muse, and Candi Muse (collectively "Plaintiffs") proceeding *pro se*, did not respond. These matters are ripe for resolution.

I.  **Factual and Procedural Background**

On February 26 and 28, 2014, James Skeans ("Officer Skeans") an officer with the sheriff's office for Campbell County, Tennessee, obtained search warrants for the person and residence of Edgar Muse from Campbell County Criminal Court Judge Shane Sexton [Doc. 37, ¶¶ 94, 146, 147].[1] As a result of executing the search, Officer Skeans seized property belonging to Plaintiffs [Doc. 37, ¶ 160-61]. Officer Skeans then obtained an administrative forfeiture warrant for the

---

[1] The Court notes that while Plaintiffs' Amended Complaint states that the seizure occurred in 2015, the seizures in this case occurred in 2014. *See* [Doc. 97, pg. 1, fn 1; Doc. 54-2, Affidavit in Support of Forfeiture Warrant].

1

seized property from Campbell County Circuit Judge John McAfee [Doc. 37, ¶ 157]. On May 2, 2014, Plaintiffs filed a claim for the return of their property, and the claim was set for a hearing before an administrative law judge on January 6, 2015 [Doc. 37, ¶¶ 178, 203]. Plaintiffs were unaware that a hearing was set for that day and did not appear [Doc. 37, ¶ 205]. When Plaintiffs did not appear for the hearing, Nina Harris, attorney for the Department of Safety and Homeland Security requested default [Doc. 37, ¶ 226]. On April 8, 2015, Administrative Law Judge Joyce Grimes Safley entered an Initial Order of Forfeiture by Default [Doc. 37, ¶ 228; Doc. 54-1]. On January 5, 2016, Plaintiffs filed a motion for relief from the Order of Forfeiture pursuant to Tennessee Rule of Civil Procedure 60.02 [Doc. 37, ¶ 247]. ALJ Safley denied the motion, because she believed she lacked jurisdiction to grant Rule 60.02 relief [Doc. 37, ¶ 248].

On April 7, 2016, Plaintiffs, represented by attorney Herb Moncier, filed this case in the Middle District of Tennessee [Doc. 1] and on June 27, 2016, amended their Complaint, alleging that their property, valued at approximately $400,000 was taken from them by default [Doc. 37, ¶ 1]. Plaintiffs claim the Tennessee forfeiture statutes generally and as applied violate the Fifth and Fourteenth Amendments and seek declaratory and injunctive relief pursuant to 42 U.S.C. §§ 1983 and 1988(a), as well as attorney fees under 42 U.S.C. § 1988(b) [Doc. 37, pgs. 43-45]. On October 10, 2017, the case was transferred to the Eastern District of Tennessee [Doc. 66]. The Court stayed the case to permit the state to address the case still pending in state system.

Meanwhile, after ALJ Safley denied their Rule 60.02 motion to reconsider the Initial Order of Forfeiture, the Commissioner entered a Final Order of forfeiture on April 7, 2016 [Doc. 62-2, pgs. 6-8]. After all appeals to the Department were denied, Plaintiffs filed for judicial review of the ALJ's ruling on their Rule 60.02 motion in the Chancery Court for Davidson County, Tennessee [Doc. 62-2]. The Chancellor found the ALJ did not lack jurisdiction to reconsider the

2

Initial Order of Forfeiture and remanded the case back for further administrative proceedings. On remand, ALJ Thomas Stovall granted Plaintiffs' Rule 60.02 motion, set aside the default judgment, and gave Plaintiffs a full hearing on the forfeiture of their property. After that hearing, he found the property was subject to forfeiture, because the money and vehicles seized were either used for or the result of the sale and purchase of controlled substances [Doc. 108-1, pg. 16]. Plaintiffs filed a Petition for Review in Knox County Circuit Court on June 12, 2020, and this case is currently pending. *See* [Doc. 99, pg. 2]. On May 22, 2020, the Court lifted the stay upon notice by the State Defendants that the related administrative proceedings had concluded [Docs. 90, 94].

Defendants claim the Court lacks subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and that Plaintiffs fail to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). As the Court must have jurisdiction to rule on any Rule 12(b)(6) arguments, the Court must address Defendants' Rule 12(b)(1) arguments first. *See Bell v. Hood*, 327 U.S. 678, 682 (1946).

**II.      Legal Standard**

A motion to dismiss for lack of standing may be brought under Fed.R.Civ. P. 12(b)(1), a challenge to the Court's subject-matter jurisdiction. *See Lyshe v. Levy*, 854 F.3d 855, 857 6th Cir. 2017). Plaintiffs have the burden to show the Court has subject matter jurisdiction. *Davis v. United States*, 499 F.3d 590, 594 (6th Cir. 2007). The Court may look to evidence beyond the pleadings to resolve a Rule 12(b)(1) motion. *Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003).

"A motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) involves either a facial attack or a factual attack." *Global Tech, Inc. v. Yubei (XinXiang) Power Steering System Co., Ltd.*, 807 F.3d 806, 810 (6th Cir. 2015) (citations omitted).

3

"A factual attack…is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject-matter jurisdiction." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). "Where the motion presents a factual attack, the allegations in the complaint are not afforded a presumption of truthfulness and the Court weighs the evidence to determine whether subject matter jurisdiction exists." *Smith v. Board of Trustees Lakeland Community College*, 746 F.Supp.2d 877, 888 (N.D. Ohio 2010). The Court may consider evidence outside of the complaint, such as "affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).

### III. Analysis

Defendants argue that the Court lacks subject matter jurisdiction, "because the claims are effectively an appeal of an administrative action improperly filed as an original federal claim" and precluded by *Harris v. Younger*, 401 U.S. 37 (1971). Specifically, they argue that ALJ Stovall's final order provided Plaintiffs "with an adequate avenue to raise constitutional challenges and [Plaintiffs] took ample advantage of that avenue." [Doc. 108, pg. 9, fn. 2].

The Supreme Court in *Younger* began a policy "against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). This also extends to ongoing administrative proceedings. *Middlesex County*, 457 U.S. at 434-35. "Federal courts properly invoke *Younger* abstention when a proceeding satisfies three criteria: (1) the underlying proceedings constitute an ongoing state judicial proceeding; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise constitutional challenges in the course of the underlying proceeding." *Danner v. Bd. of Prof'l Responsibility of Tennessee Supreme Ct.*, 327 F. App'x 577, 578 (6th Cir. 2009) (citations omitted).

First, "when determining whether state court proceedings involving the plaintiffs are pending, we look to see if the state court proceeding was pending at the time the federal complaint was filed." *Loch v. Watkins*, 337 F.3d 574, 578 (6th Cir. 2003) (citations omitted). A case remains pending for purposes of the *Younger* abstention until a litigant exhausts his state appellate remedies. *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 609 (1975). When Plaintiffs filed their Amended Complaint on June 27, 2016, Plaintiffs had also already filed for judicial review of the Rule 60.02 motion denied by ALJ Safley in the Chancery Court for Davidson County, Tennessee. *See* [Doc. 62-2].

On April 17, 2020, the ALJ issued a Final Order on the merits of the forfeiture. Plaintiffs could file a Petition of Review in chancery court within 60 days of the entry of the Final Order. Tenn. Code Ann. § 4-5-322. Plaintiffs did just that. On June 12, 2020, they timely filed a Petition for Review in Knox County Circuit Court. This case is still pending in Knox County. *See Edgar Muse v. Tennessee Department of Safety and Homeland Security*, No. C-20-318020 (Knox Cnty. Cir. Ct, filed June 12, 2020); [Doc. 99, pg. 2].[2] Therefore, the first requirement of the *Younger* doctrine has been met.

Next, the Court must determine "whether the proceedings implicate important state interests, and whether there is an adequate opportunity in the state proceedings to raise a constitutional challenge." *Tindall v. Wayne Cnty. Friend of the Ct.*, 269 F.3d 533, 538 (6th Cir. 2001). As the Supreme Court said in *Juidice v. Vail*,

> [T]he more vital consideration behind the *Younger* doctrine of nonintervention lay not in the fact that the state criminal process was involved but rather in the notion of comity, that is, a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States

---

[2] The next court setting in this case is April 7, 2021 at 10:00 a.m. Accessed at https://www.knoxcounty.org/apps/courts/circuit_dockets.php.

and their institutions are left free to perform their separate functions in their separate ways.

430 U.S. 327, 334 (1977) (internal citations omitted). The Sixth Circuit has found that "forfeiture proceedings are quasi-criminal in nature and of such a character as to warrant application of the *Younger* doctrine." *Loch*, 337 F.3d at 579. In *Loch*, while awaiting a hearing on the forfeiture, the plaintiff filed suit in federal court, challenging the seizure of her vehicle under 42 U.S.C. § 1983 and state conversion grounds, seeking declaratory and injunctive relief. 337 F.3d at 576-77. The Sixth Circuit affirmed the district court's dismissal of Loch's federal claims pursuant to *Younger*, "given the pendency of the state proceedings." *Id*. at 579. Similarly here, Plaintiffs seek declaratory judgments related to Tennessee forfeiture laws while the underlying state case is in progress. As the Sixth Circuit found in *Loch*, Tennessee's "interest in its forfeiture laws is directly correlated with its interest in the enforcement of the criminal laws." *Id*.; *see also State v. Gibbons*, 698 F. App'x 307, 309 (6th Cir. 2017).

Finally, Plaintiffs have not shown why they could not have raised the constitutional claims in state court. *See Moore v. Sims*, 442 U.S. 415, 425-26, 432 (1979) (placing the burden on the plaintiff to show that state law bars constitutional claims). In fact, the Tennessee Uniform Administrative Procedures Act specifically allows that upon review by the chancery court, the court may reverse or modify the ALJ decision if the findings are "in violation of constitutional or statutory provisions." Tenn. Code Ann. § 4-5-322(h); *see also Watts v. Burkhart*, 854 F.2d 839, 847 (6th Cir. 1988) (citing § 4-5-322(h), the Court found that "the statute governing the scope of review expressly contemplates that a petitioner will be afforded the opportunity to raise constitutional issues" and found that the *Younger* doctrine applied).

For the reasons stated above, the *Younger* abstention doctrine applies, and the Court will abstain from hearing Plaintiffs' claims at this time.

6

## IV. Conclusion

For the reasons stated above, the State Defendants' Motion to Dismiss [Doc. 96] and the County Defendants' Motion to Dismiss [Doc. 107] are **GRANTED**. This case is **DISMISSED without prejudice**.

SO ORDERED:

s/ Clifton L. Corker
United States District Judge